UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN J. GOMEZ VASQUEZ,<br><br>                      Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON, PIERCE COUNTY JAIL, TACOMA POLICE DEPARTMENT, JAMES H. CURTIS, TERRY LANE, SGT. BRASSWELL, SGT. MILLER, LT. JAMES HUTCHINSON, JAMES BUCHANAN, and SGT. DICKERSON,<br><br>                      Defendants. | No. 12-5298 RBL/KLS<br><br>**ORDER TO AMEND OR SHOW CAUSE** |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis* under separate Order. The Court has reviewed Plaintiff's proposed civil rights complaint. ECF No. 4. The complaint seeks relief primarily in habeas. In addition, Plaintiff has previously attempted to bring almost the identical case before this Court. *See* Case No. 12-5268BHS/KLS. In that case, he was also ordered to show cause why his case should not be dismissed for failure to state a cause of action under 42 U.S.C. 1983. When he failed to do so, this Court recommended that his case be dismissed. That recommendation is pending.

The Court declines to serve the complaint in this case. However, Plaintiff shall once again be given an opportunity to show cause why this case should not be dismissed.

ORDER TO AMEND OR SHOW CAUSE- 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 570.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the Court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely

ORDER TO AMEND OR SHOW CAUSE- 2

clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In his complaint, Plaintiff alleges that Sgt. Miller failed to verify that he was on the pro se list while Sgt. Miller was on vacation and therefore, Plaintiff was denied the "right to self-representation in a municipal civil matter". He also alleges that several unnamed staff members of the Pierce County Jail "punished him" for trying to access the courts by denying him postage stamps and taking him down to the lower level so he could not gain access to his legal material. He claims that he was forced to exchange his food for paper and envelopes. ECF No. 4, at 3.

An inmate has a constitutionally protected right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 820-21, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). An inmate is also entitled to adequate materials for drafting submissions to the courts: "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25. A prisoner claiming that his right of access to the courts has been violated must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual

ORDER TO AMEND OR SHOW CAUSE- 3

injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir.1994). A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded. To prevail, however, it is not enough for an inmate to show some sort of denial. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Here, Plaintiff alleges generally that some unnamed individuals have punished him for trying to access the courts to address his grievances. ECF No. 4, at 3. Plaintiff fails to allege who has denied him access, when access was denied, what type of access was denied, and how he was harmed. Plaintiff must allege a specific instance or instances in which a particular official or officials caused actual injury in his case by denying him access to the courts. Plaintiff also alleges that Sgt. Miller failed to ensure his status as a pro se litigant thereby depriving him of the right to represent himself in a municipal civil matter. However, he fails to allege how this violated a federal constitutional right, *i.e.,* what non-frivolous legal claim was frustrated or impeded, what deadline was missed.

In addition, Plaintiff has named the Pierce County Jail and the Tacoma Police Department as defendants. As noted above, Plaintiff must name the particular official or officials whom he alleges violated his constitutional rights. If it is his intention to sue the Pierce County Jail and Tacoma Police Department, he must show that the alleged unconstitutional deprivation of rights of which he complains arises from a governmental custom, policy, or practice. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality's "policy can be one of action or inaction," although "[b]oth types of claims require that the plaintiff prove a constitutional violation." *Waggy v.*

ORDER TO AMEND OR SHOW CAUSE- 4

*Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010).  In the absence of a formal policy, Plaintiff must identify a "longstanding practice or custom which constitutes the standard operating procedure" that caused his alleged constitutional deprivation, and this practice or custom cannot be "predicated on isolated or sporadic incidents[.]"  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996). Thus, to state a constitutional claim against a municipality, a plaintiff must (1) identify the specific "policy" or "custom," (2) fairly attribute the policy or custom and fault for its creation to the municipality, and (3) establish the necessary "affirmative link" between the identified policy or custom and the specific constitutional violation.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  Plaintiff's complaint is devoid of any such allegations.

Also, the State of Washington is not a proper party because it is well-established that the Eleventh Amendment affords non-consenting states constitutional immunity from suit in both federal and state courts.  *See, e.g., Alden v. Maine*, 527 U.S. 706, 748 (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).  Accordingly, Plaintiff may not sue Washington State in this Court.  Similarly, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and thus the state.  *Will v. Mich. Dep't of State*, 491 U.S. at 71.

Plaintiff also alleges that he is wrongfully imprisoned because a police officer submitted a false sworn affidavit which relied heavily on false confidential informant information and that the prosecutor relied on the false affidavit in support of his declaration of probable cause.  ECF No. 4, at 3.  Plaintiff asks the Court to order the state to release him based on the violations of his search and seizure rights and to return his property.  *Id.*, at 4.  He also asks the Court to order the

ORDER TO AMEND OR SHOW CAUSE- 5

Pierce County Jail staff to "cordially assist" him with the proper materials to prepare an adequate defense. *Id.*

"To maintain an action for malicious prosecution, the plaintiff must allege and prove the following: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983).

In addition, before a § 1983 plaintiff may recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*,

ORDER TO AMEND OR SHOW CAUSE- 6

at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Plaintiff does not allege that the state court proceedings against him were terminated on the merits in his favour or were abandoned. He does not allege that his state court conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. He does not allege that he has exhausted his state court remedies.

Plaintiff is further advised that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

Due to the deficiencies described above, the Court will not serve the complaint. However, Plaintiff shall be given an opportunity to file an amended complaint to cure, if possible, the deficiencies identified by the Court. Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

ORDER TO AMEND OR SHOW CAUSE- 7

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's constitutional rights.

Accordingly, it is **ORDERED:**

(1) If Plaintiff decides to file an amended civil rights complaint in this action, he shall do so **on or before June 22, 2012.** Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **June 22, 2012, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).** Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

(2) **The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order**.

**DATED** this  22nd  day of May, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 9