UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN J. GOMEZ VAZQUEZ,<br><br>               Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, PIERCE COUNTY JAIL, TACOMA POLICE DEPARTMENT, JAMES H. CURTIS, TERRY LANE, SGT. BRASSWELL, SGT. MILLER, LT. JAMES HUTCHINSON, JAMES BUCHANAN, and SGT. DICKERSON,<br><br>               Defendants. | No. C12-5298 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: August 10, 2012** |

      Plaintiff Juan J. Gomez Vasquez is a pro se prisoner who currently has three matters pending before this Court. In it, he attempts to assert the identical frivolous claims. In Case No. 5268 BHS/KLS, the undersigned has recommended that his case be dismissed and his pending application to proceed *in forma pauperis* be denied because he failed to state a viable access to courts claim, he seeks relief in habeas and he has otherwise failed to state a viable claim under 42 U.S.C. § 1983. *See* ECF No. 15 (therein). That recommendation is pending.

      In this case, Plaintiff attempts to plead the identical claims. ECF No. 4. Plaintiff was granted leave to proceed *in forma pauperis*. ECF No. 3. On May 22, 2012, Plaintiff was ordered to show cause why his complaint should not be dismissed as frivolous because he had previously attempted to bring this same case before this Court. ECF No. 5. In response, Plaintiff filed two separate Amended Complaints. ECF Nos. 7 and 8. In the first Amended Complaint, Plaintiff

REPORT AND RECOMMENDATION - 1

seeks relief for alleged wrongdoing relating to the execution of a search warrant on August 30, 2011. ECF No. 7. In the second Amended Complaint, Plaintiff claims that while he was detained at the Pierce County Jail, he was denied access to items as a "pro se" prisoner to prepare for his Pierce County criminal case, although he was represented by defense counsel. ECF No. 8. These claims were asserted in his complaint filed in Case No. 12-5268 BHS/KLS and are the subject of this Court's Report and Recommendation filed therein. *See* ECF No. 15.

Plaintiff has not yet completed his IFP application in his latest case, Case No. 12-5531BHS/KLS. However, a cursory review of his proposed civil rights complaint filed therein reveals that Plaintiff has again filed the same complaint that he filed herein and in Case No. 12-5268 BHS/KLS.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct.

REPORT AND RECOMMENDATION - 2

1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

This Court has provided Plaintiff with ample opportunities to plead and to amend his complaint to plead a non-frivolous claim under 42 U.S.C. § 1983.  He has failed to do so.  Instead, he has filed three separate, essentially identical, but frivolous actions.  The undersigned's pending Report and Recommendation in Case No. C12-5268 fully analyzes Plaintiff's complaint and recommends dismissal without prejudice.  This case should be dismissed on the grounds that it is duplicative.  Plaintiff is wasting this Court's time and resources by bringing multiple, frivolous actions.

Plaintiff was warned that he was attempting to bring an identical case before the Court and was advised that his failure to adequately address the issues raised in the Court's Order to Show Cause could result in a recommendation of a dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 with the dismissal counting as a "strike" under 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 3

**CONCLUSION**

This case should be dismissed with prejudice for failure to state a claim and the dismissal should be counted as a strike under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 10, 2012**, as noted in the caption.

**DATED** this   23rd   day of July, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4